# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**TAMARA JA'NET WHIMPER-SULLIVAN**                                    **PLAINTIFF**

**V.**                         **CASE NO. 4:19-CV-00412 LPR-JTK**

**ANDREW SAUL,**
**Commissioner of Social Security Administration[1]**                  **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.  Procedures for filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to District Judge Lee P. Rudofsky. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Rudofksy can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.  Introduction:**

Plaintiff, Tamara Ja'net Whimper-Sullivan ("Whimper-Sullivan"), applied for disability benefits on April 12, 2016, alleging disability beginning on October 20, 2015. (Tr, at 14, 2364-2376). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application on February 28, 2017. (Tr. at 11-27). After filing a U.S. District Court complaint, Whimper-Sullivan's case was remanded for a new hearing and for the ALJ to further consider the weight to

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

give to a VA rating of 70% disability for PTSD. (Tr. at 2420-2424). After a second hearing, the ALJ denied Whimper-Sullivan's application. (Tr. at 2364-2376). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Whimper-Sullivan has requested judicial review.

For the reasons stated below, this Court should affirm the decision of the Commissioner.

## III. The Commissioner's Decision:

The ALJ found that Whimper-Sullivan had not engaged in substantial gainful activity since the alleged onset date of October 20, 2015. (Tr. at 2367). The ALJ found, at Step Two of the sequential five-step analysis, that Whimper-Sullivan had the following severe impairments: degenerative disc disease, post-traumatic stress disorder, anxiety disorder, major depressive disorder, and borderline personality disorder. *Id*.

At Step Three, the ALJ determined that Whimper-Sullivan's impairments did not meet or equal a listed impairment. *Id*. Before proceeding to Step Four, the ALJ determined that Whimper-Sullivan had the residual functional capacity ("RFC") to perform light work with restrictions: 1) she could not perform frequent stooping or crouching; 2) she could not work around unprotected heights, moving machinery, or dangerous equipment, and she could not drive a car at work; 3) she could perform work where interpersonal contact is routine but superficial; 4) she could perform work where the complexity of tasks is learned by experience and contains several variables and uses judgment within limits; and 5) the supervision required is little for routine, but detailed for non-routine tasks. (Tr. at 2369).

Based on Whimper-Sullivan's RFC and the testimony of a Vocational Expert, the ALJ found that Whimper-Sullivan could return to her past relevant work. (Tr. at 2375). Therefore, the ALJ found that Whimper-Sullivan was not disabled. *Id*.

## IV. Discussion:

A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

B. Whimper-Sullivan's Arguments on Appeal

Whimper-Sullivan argues that substantial evidence does not support the ALJ's decision to deny benefits. She contends that the ALJ did not properly consider her 70% disability VA rating, that the ALJ did not give proper weight to medical opinions, and that the Appeals Council did not give full consideration to new evidence.

Whimper-Sullivan alleged that her main problems were depression, anxiety, PTSD, and back pain. She did have a six-day inpatient psychiatric hospital stay in August 2015 based on depression and suicidal ideation. (Tr. at 817). Upon discharge she denied suicidal and homicidal ideations. (Tr. at 274). She planned on returning to work. (Tr. at 1680). She had logical thought process and no memory difficulties (Tr. at 1680-1682).

Whimper-Sullivan actively engaged in group therapy for the next few months. In October

and November 2015, she had logical, goal-directed thoughts, good eye contact, and good communication, and she told her psychiatrist that she was doing well and was very happy. (Tr. at 273-288, 1405, 1543, 1606). She was learning and mastering coping skills. (Tr. at 274). Her mood and sleep were stable at the end of November and she had plans to attend school. (Tr. at 867-873).

There are not many health records for a few more years, but in November 2017, Whimper-Sullivan had a brief hospital stay for suicidal ideation, but she was discharged with no thoughts of self-harm. (Tr. at 2742-2750). She was alert, calm, and cooperative. (Tr. at 2754). She said she could calm herself with deep breathing exercises. (Tr. at 2766). Whimper-Sullivan had a negative depression screen in July 2018, and she said she was doing well for the most part. (Tr. at 2667-2688). She said Bupropion was improving her energy level and her depression symptoms. (Tr. at 2625-2627). In September 2018, she said she had no stress in her life. (Tr. at 2640-2643). In December 2018, she had a cooperative and pleasant affect and was doing "fine." (Tr. at 2617).

Whimper-Sullivan claims the ALJ should have given more weight to a January 2016 psychological consultant's opinion that she was markedly limited in her work-life function. (Tr. at 813-837). However, the treatment record showed that Whimper-Sullivan improved over the relevant time-period after the date of that opinion, and that medication was effective. The opinion was therefore properly discounted as incongruent with the medical evidence.

Whimper-Sullivan also asserts that the ALJ should have given more weight to the VA disability rating for PTSD: a 70% disability was assessed in December 2015. (Tr. at 173-176). Again, this rating predates the period of improvement that Whimper-Sullivan experienced, evidenced by generally normal mental status examinations. Group therapy helped her immensely. (Tr. at 929, 1680). Moreover, the Administration is not bound by the disability ratings of another

4

agency, especially when the record does not justify a disability finding. *Pelkey v. Barnhart*, 433 F.3d 575, 580 (8th Cir. 2008); *Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998). The ALJ did not go into much detail about the VA rating, but he noted that the evidence as a whole did not offer support for a disability rating, so he was not bound to draw a similar conclusion to that of the VA doctors. (Tr. at 2372). He properly considered the VA rating, and discounted it as not persuasive.

Whimper-Sullivan also contends that her back impairment was disabling. However, treatment was conservative and no doctor placed any restrictions on her based on back pain. She said her back pain was managed by Toradol and improved as of October 2016. (Tr. at 2632, 2941). She said in June 2017 that treatment helped with back pain. (Tr. at 2887). Her pain was stable and improved after an ER visit in July 2018. (Tr. at 2667). She had normal range of motion on September 25, 2018. (Tr. at 2643). She had no loss of strength in her extremities in October 2018. (Tr. at 2632). The record does not show that back pain was disabling. Along the same lines, the ALJ properly discounted the opinion of Dr. Hashmi (he said Whimper-Sullivan would have moderate to severe limitations in bending, carrying, and walking). (Tr. at 685). Dr. Hashmi's own notes found normal range of motion, no muscle weakness or atrophy, and intact sensation. (Tr. at 683-684, 2373-2374). *See Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005)("physician opinions that are internally inconsistent . . . are entitled to less deference than they would receive in the absence of inconsistencies.") And Whimper-Sullivan's positive response to conservative treatment conflicted with Dr. Hashmi's report. Finally, Whimper-Sullivan said that she could maintain personal care, perform inside chores, and drive. (Tr. at 825-826, 2371). Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995)

Finally, Whimper-Sullivan's argument that the Appeals Council failed to consider new

evidence fails. The evidence Whimper-Sullivan references is merely a cumulative report of the VA disability assessment, which did not offer any new justification for the Appeals Council to disturb the ALJ's opinion. The Court explained above why the VA disability rating did not deserve more weight.

**V. Conclusion:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly considered the medical opinions and the VA disability rating, and the Appeals Council's decision was based on a complete review of the record. The finding that Whimper-Sullivan was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 23rd day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE